UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Unsealed 4/20/10

CASE NO. 98-100-CR-DIMITROULEAS

UNITED STATES OF AMERICA,          :

       Plaintiff,                  :

vs.                                :

JESUS PEREZ, et al.,               :

       Defendants.                 :

FILED by ___ D.C.

SEP 15 1999

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA., FT. LAUD.

## SEALED
## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Order of the Eleventh Circuit Court of Appeals remanding the instant case for an evidentiary hearing on the issue of whether the defendant **Jesus Perez** is indigent and financially unable to retain counsel for his appeal, as required by 11th Cir.R.Addendum Four, 11th Cir. Plan Under the Criminal Justice Act (d)(2). Addendum Four provides that unless approved in advance by the appellate court, the district court is not authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an <u>in camera</u> review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained counsel.

The Order of Remand directs the district court to inquire of the defendant (and, if necessary, of the defendant's counsel and anyone else involved in the payment of counsel's fees): the amount



paid to retained to retained counsel for fees and expenses and the amount, if any, still owing to counsel; whether the fees counsel received were in excess of what would constitute a reasonable fee under the circumstances, and whether the defendant has the ability to pay the costs of the appeal, including the necessary transcripts. The Order further directs the district court to submit its findings of fact and conclusions of law, together with a copy of the transcript of the in camera proceedings to the appellate court.

This matter was referred to Chief United States Magistrate Judge Lurana S. Snow for Report and Recommendation. An evidentiary hearing was conducted on August 25, 1999, at which testimony was taken from the defendant and his retained trial counsel. Based on that testimony, the undersigned proposes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1. The defendant, Jesus Perez, retained Jay Allen White, Esquire, to represent him in the instant case for a fee of $20,000. The agreement was for Mr. White's services through trial and sentencing, and did not contemplate representation on appeal.

2. The defendant has paid his lawyer a total of $4,500, plus a jet ski that was worth no more than $5,000 at the time it was given to Mr. White. The defendant has been unable to pay his lawyer the balance of the fee.

2

3. The defendant has been incarcerated for approximately one year; he owns no real property or other assets, except a 1972 Ford Mustang, and has no money in any bank account or elsewhere.

4. Counsel for the defendant estimates that he spent sixty to eighty hours in preparation for a trial which lasted five days.

## II. CONCLUSIONS OF LAW

1. The defendant, Jesus Perez, is indigent, and is financially unable to retain counsel for his appeal.

2. The defendant, Jesus Perez, is financially unable to pay the costs of appeal, including necessary transcripts.

3. The fees received from the defendant by Jay White, Esquire, his retained counsel for trial and sentencing, were not in excess of what would constitute a reasonable fee under the circumstances.

## III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the District Court adopt the above findings of fact and conclusions of law, and submit them to the Eleventh Circuit Court of Appeals, together with the sealed transcript of the _in camera_ evidentiary hearing.

The parties will have ten days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P.

Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 15th day of September, 1999.

                                                LURANA S. SNOW
                                                CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Mr. Jesus Perez
No. 50708-004
FPC - Maxwell AFB
Montgomery, AL  36112

Jay White, Esq.